STATE OF NORTH CAROLINA v. WILLIE SMITH

No. 8016SC485

(Filed 21 October 1980)

**Arrest and Bail § 3.1; Criminal Law § 75.3– defendant's confession resulting from codefendant's statement – legality of codefendant's arrest – probable cause**

   There was no merit to defendant's contention that his codefendant was arrested without probable cause, that the codefendant's incriminating statement was illegally obtained, and any evidence obtained by use of that statement, including his own confession, was inadmissible as fruit of an illegal arrest, since an officer had probable cause to arrest the codefendant on the basis of the fact that the burglar alarm system at a grocery store had been activated; at least one person had been seen running from the rear of the grocery store; and when the officer arrived on the scene, it was completely deserted except for the codefendant who was in a telephone booth only 40 feet away from the grocery store.

APPEAL by defendant from *Farmer, Judge*. Judgment entered 30 November 1979 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 9 October 1980.

Defendant was indicted for felonious breaking and entering of the North Main Grocery in Laurinburg with intent to commit larceny. He was tried along with two co-defendants. After the jury had been impanelled but before any evidence was given, defendants moved to suppress statements confessing to the crime given to officers. After *voir dire*, the trial judge ruled the statements admissible. References in each statement to co-defendants were not admitted into evidence. Defendant-appellant's motions for dismissal at the close of the State's evidence and at the close of all the evidence were denied.

The jury returned a verdict of guilty of felonious breaking and entering. From a judgment sentencing him to a maximum prison term of three years, the defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Edwin M. Speas, Jr., for the State.*

*Gordon and Horne, by John H. Horne, Jr., for defendant-appellant.*

MARTIN (Robert M.), Judge.

Defendant argues that the trial court erred in denying his motion to suppress the confession he made to the police. He argues that he made the statement after being confronted with an incriminating statement made by his co-defendant, Leo Pegues, who had been arrested without probable cause. He further argues that because Pegues' statement was illegally obtained and therefore inadmissible, any evidence obtained by use of that statement, including his own confession, is inadmissible as fruit of an illegal arrest.

As defendant states in his brief "the crux of defendant's argument rests upon the illegality of the arrest of the co-defendant [Leo Pegues] and the exploitation of illegally obtained evidence as a result of that arrest." In our opinion there was ample probable cause to support the arrest of Leo Pegues. We therefore do not address the issue of whether defendant has standing to assert the Fourth Amendment claims of his co-defendant.

An examination of the facts and circumstances presented to the arresting officer, Sergeant Perkins, immediately prior to Leo Pegues' arrest shows the following:

(1) The burglar alarm system at North Main Grocery had been activated;

(2) At least one person had been seen running from the rear of the North Main Grocery;

(3) Upon his arrival at North Main Grocery, Sergeant Perkins observed Leo Pegues in a telephone booth only 40 feet away from North Main Grocery;

(4) At that time the area, a business district, was completely deserted.

Looking at these facts it is clear that Sergeant Perkins had probable cause to arrest Leo Pegues because at that moment in time he had reasonable grounds to believe that a crime had been committed and that the individual in the phone booth had

participated in that crime. *See, Beck v. Ohio,* 379 U.S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223 (1964).

In *State v. Streeter,* 283 N.C. 203, 195 S.E. 2d 502 (1973), the North Carolina Supreme Court stated:

> "Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.*** To establish probable cause the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith." (Citation omitted.) "The existence of 'probable cause,' justifying an arrest without a warrant, is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It is a pragmatic question to be determined in each case in the light of the particular circumstances and the particular offense involved." (Citations omitted.)

*Id.* at 207, 195 S.E. 2d at 505.

The determination of probable cause is not to be made in the light of events or facts coming to light subsequent to the arrest, but rather the determination of probable cause "depends upon 'whether at that moment [the moment of arrest] the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.' (Citation omitted.)" *State v. Streeter, supra,* at 207, 195 S.E. 2d at 505.

In the case *sub judice,* a reasonable and prudent man, confronted with the above-mentioned facts and circumstances, could, and probably would, come to the conclusion that the individual in the telephone booth was a lookout for others also involved in the crime. The reasonableness of this conclusion is borne out by the statements made by the appellant to investigating officers that Leo Pegues was in fact the lookout. As Sergeant Perkins had probable cause to arrest Leo Pegues, the arrest was constitutionally valid. *State v. Streeter, supra.* "The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is

later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo,* 443 U.S. 31, 36, 61 L. Ed. 2d 343, 349, 99 S. Ct. 2627, 2631, 2632 (1979).

The arrest of Leo Pegues was constitutionally valid and, as the appellant readily concedes, *Miranda* was complied with in all respects. Therefore we affirm the trial court's denial of appellant's motion to suppress his statements.

In our opinion defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN (Harry C.) concur.